IMMANUEL'S GEMEINDE *et al.* v. FRED. KEIL *et al.*

**No. 31.***

RELIGIOUS ORGANIZATION— *Dissension Among Members—Division of Property.*   Where a church is organized, and a building erected by an independent religious organization, and afterward dissension arises among the members thereof as to which, if either, of two branches of the parent organization they should unite with, and by reason of such dissension it becomes impracticable for the members longer to remain together, it is not error for the district court to decree a division of the property.

Error from Russell district court; W. G. EASTLAND, judge.   Opinion filed September 29, 1898.   Affirmed.

*H. L. Pestana,* and *Wm. B. Sutton,* for plaintiffs in error.

*Geo. W. Holland,* and *H. G. Laing,* for defendants in error.

The opinion of the court was delivered by

McELROY, J.:   This action was brought by Fred. Keil and others, as plaintiffs, against Immanuel's Gemeinde, a religious corporation, Fred Nuss, Jacob Strecker, and others.   The plaintiffs brought the action for themselves and about 147 others, all of whom are, as are the defendants, members of Immanuel's Gemeinde.   The church, at the time of the commencement of the action, was divided into two factions, each of which claimed to act for the church organization within the constitution and purposes of the organization.   A trial was had before the court, without a jury.   The court made special findings of fact and conclusions of law, and rendered judgment that

---

*Judgment modified by supreme court November 11, 1898.   See 61 Kan.—REP.

the property of the society be divided equally between the plaintiffs' faction and the defendants' faction. It also ordered that, in case an equitable division of the property could not be made, it be sold as upon execution to the highest bidder for cash; that the money realized from the sale be applied, first, to the payment of the costs, and that the surplus be divided equally between the two factions. It was adjudged that the plaintiffs and defendants each pay one-half of the costs. To all of this, defendants excepted, and a motion for a new trial was filed, argued, and overruled, and the defendants present the case to this court for review.

The first assignment of error is that the court erred in overruling the defendants' demurrer to the amended petition, and in support of this it is contended that the petition fails to state a cause of action, for the reason that the trustees of the defendant corporation, as such trustees, are not named as parties. This contention is not tenable. It is true that there is no allegation in the petition that any given number of the parties plaintiff or defendant are trustees, yet the trial court finds that the defendants, Fred Nuss, Jacob Strecker and John Fred. Steineret are, and were at the commencement of this action, acting trustees of the defendant corporation. The argument here made might have been very proper on a motion to make the petition more definite and certain. The action was brought to recover the possession of the church property, including the lands upon which the church buildings were located. The plaintiffs asked that in case they were not entitled to recover the actual possession of the property, they have other equitable relief. They claimed that they were deprived of the use and occupancy of the property

by the defendants; that the property was procured and dedicated for the use of the congregation to teach and practice the tenets and doctrines of the Evangelical Lutheran faith as taught by the synod of Iowa; that the defendants' faction had excluded plaintiffs from the use of such property, by refusing to permit a preacher from the Iowa synod to occupy the pulpit of the church and by the employment of preachers who teach the faith and doctrines as taught by the synod of Missouri; that the teachings and the tenets of faith and doctrine as taught by the synod of Missouri are and were fundamentally different from those taught by the synod of Iowa; and that such occupancy and use of the property constituted a conversion of the property from its intended use. The petition states a cause of action and the court properly overruled the demurrer. For the same reasons the court properly overruled the objection to the introduction of testimony, which is set out as the second assignment of error.

The third, fourth, fifth and seventh assignments of error relate to the action of the trial court in overruling the objection of defendants to the introduction of alleged incompetent testimony concerning the religious beliefs of members of Immanuel's Gemeinde, and to the action of the court in refusing to strike out certain testimony. The alleged incompetent testimony is not set out in the brief of the plaintiffs in error, as required by the rules of practice of this court; however, we have examined it. It was competent for some purposes. It tended to show that there was an irreconcilable difference in the views held by the two factions, and it also tended to show the purpose of the donors in conveying the property to the church. There was, however, some of the testimony which was incompe-

tent; for instance, the testimony tending to show that, under certain circumstances, Immanuel's Gemeinde would belong to the Iowa synod.   The findings of fact show that such testimony in no manner influenced the judgment of the court.   The error in the admission of the evidence was therefore immaterial, as it did not affect the substantial rights of the defendants.

It is further contended that the court erred in overruling defendants' demurrer to the evidence.   The plaintiffs in error fail to point out, in their argument or brief, any averment of the petition which is not supported by some competent evidence.   We have examined the record at length and are unable to find any substantial allegations or averments of the petition which are not supported by some testimony. Where there is some competent evidence tending to prove all of the material allegations and averments of a petition which states a cause of action, a demurrer to such evidence should be overruled.   The court properly overruled the demurrer to the evidence.

It is next alleged that the court erred in its conclusion that Immanuel's Gemeinde was of the Lutheran faith and doctrine as preached and taught by the synod of Iowa and other states.   Immanuel's Gemeinde is a corporation organized under the laws of the state of Kansas for religious worship according to the Evangelical Lutheran faith.   The plaintiffs' faction consists of about forty members who are heads of families, and defendants' faction consists of about an equal number.   Both of these factions and all the members thereof are members of the defendant church.   It appears that the synod of Missouri and the synod of Iowa are somewhat antagonistic in faith and doctrine, and that each of these synods professes to be of the Evangelical Lutheran faith.   Immanuel's Gemeinde

in 1885, at a public meeting held for that purpose, adopted a written constitution, but this constitution is silent as to which synod the church desired to become attached to, if to either.   About October, 1889, the congregation held a meeting and discussed the question of ways and means to procure land upon which to erect a church building, but nothing was said at that meeting as to whether the property and influence of the congregation should be used to further the teachings and tenets of faith as taught by any particular synod.   From some time in 1885 up to the year 1894, the ministers located as pastors to such congregation were from the Iowa synod.   The question of an alliance with some synod was presented to the congregation at different times prior to the commencement of this action, but no formal action in that respect was ever taken.   A portion of the funds used in procuring the church property was subscribed on the representations of the parties soliciting the same that the church would be allied with the Iowa synod. The corner-stone of the church was laid and the church building dedicated with the services prescribed by that synod.   At a time when charges had been preferred against a minister and some one or more of the church members, a trial was had before a minister of the Iowa synod.   Funds were at various times after 1885 collected by the congregation and forwarded to the Iowa synod for use in its charities.   From the record, we are of the opinion that the court properly found that the congregation was of the Lutheran faith and doctrine as preached and taught by the synod of Iowa.

It is next contended that the court erred in its conclusion that the property of Immanuel's Gemeinde should be divided equally between the plaintiffs' fac-

tion and the defendants' faction of the church.    The record discloses the fact that the Immanuel's Gemeinde congregation was divided into two factions, about equal in number.    The division was apparently permanent and irreconcilable.    The plaintiffs' faction, some time prior to the commencement of this action, at a time when there was no minister located with or preaching for the congregation, solicited the president of the Iowa synod to send a preacher.    In pursuance of that request, Rev. Mueller was sent to the congregation from the Iowa synod.    The defendants' faction at this time was in control of the church buildings, and refused to permit plaintiffs' faction, with Mueller, to use the same for religious services.    About this time the congregation, by a majority vote, procured the services of Rev. Kleinhans, from the synod of Missouri, against the wishes of the minority, plaintiffs' faction, and installed him as pastor of the church.    There appear to be fundamental differences in the doctrine and tenets of faith between the synod of Missouri and the synod of Iowa.    These differences appear to be recognized by the respective synods as fundamental.    The trial court concluded that the property in question belonged to the congregation ; that neither the plaintiffs' faction nor the defendants' faction had forfeited any rights to the property ; that the defendants had a legal right to, and did, employ a minister from a synod of a different faith from that which the congregation originally held ; that the plaintiffs' faction of the congregation was a minority, but adhered to the original faith and doctrine taught by said congregation when the property was procured ; that neither party thereby violated the trust or forfeited any rights to the common property ; and that, inasmuch as the two factions are nearly equal

in number, the property should be divided between them. In adjudging a division of the property, the trial court committed no error of which the plaintiffs in error have a right to complain. The defendants in error are satisfied with the judgment of the court in this regard. There were no substantial errors committed prejudicial to the rights of the plaintiffs in error, and therefore the motion for a new trial was properly overruled.

The judgment is affirmed.